**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOELLA RADER, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, JOELLA RADER, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.     Parties, Jurisdiction and Venue**

1.     Plaintiff JOELLA RADER ("Plaintiff") is a resident of Shasta Lake, California and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

3. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4. MCM collects defaulted debts owned by Midland Funding, LLC ("Midland").

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.    The Subject Debt**

10. Plaintiff obtained a The Home Depot branded credit card (the "Subject Debt") from Citibank, N.A. ("Citibank").

11. Plaintiff incurred the Subject Debt for personal and household expenses.

12. Plaintiff made certain payments towards the Subject Debt, but as a result of unforeseeable difficulties, the Subject Debt fell into a default status.

13. Thereafter, Midland purchased the Subject Debt from Citibank.

14. When MCM purchased the Subject Debt, the amount owed was $1,549.20.

15. On information and belief, MCM purchased the Subject Debt for less than $150.00.

16. On information and belief, MCM purchased the Subject Debt for less than $25.00.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

18. On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to MCM the right to collect accounts in the form of "receivables."

**III.    MCM's Collection Efforts Relative to the Subject Debt**

19. In an attempt to collect the Subject Debt, within one year of the filing of this civil action, MCM attempted to collect the Subject Debt by mailing Plaintiff various letters.

20. In an attempt to collection the Subject Debt, MCM sent a letter to Plaintiff dated 01-16-2019 (hereafter the "01-16-2019 Offer Letter").

21. The body of the 01-16-2019 Offer Letter told Plaintiff, "mistakes happen to anyone" and informed her that "Midland Credit Management believes that everyone deserves a second chance."

22. The 01-16-2019 Offer Letter instructed Plaintiff to "CALL US TODAY!" and listed MCM's telephone and offered Plaintiff "**40% OFF your balance to help you eliminate your debt while saying you money**" in bold font (emphasis in the 01-16-2019 Offer Letter).

23. The 01-16-2019 Offer Letter's 40% Off proposed provided a "Payment Due Date" of 02-15-2019. The 01-16-2019 Offer Letter also included an offer of "**20% OFF** Over 6 Months" (emphasis in the 01-16-2019 Offer Letter).

24. Below is a true and accurate image of the 01-16-2019 Offer Letter:



25. Approximately two inches below the signature line of the 01-16-2019 Offer Letter is the phrase "[w]e are not obligated the renew any offers provided" in non-bolded font (hereafter the "Renewal Disclosure Language").

26. The Renewal Disclosure Language is not listed next to the 40% Off or 20% Offer proposals.

27. The Renewal Disclosure Language is not in close proximity to the 40% Off or 20% Offer proposals.

28. The manner in which MCM drafted and formatted the 01-16-2019 Collection Letter minimized the effectiveness of the Renewal Disclosure Language.

29. MCM purposefully drafted and formatted the 01-16-2019 Collection Letter to minimize the effectiveness of the Renewal Disclosure Language.

30. In another court proceeding, MCM has argued that the Renewal Disclosure Language was purposefully placed just above the payment stub at the bottom of a similar form collection letter.

31. In the now pending appeal of *Preston v. Midland Credit Management, Inc*., No. 18-3119 (7th Circuit, argued on May 25, 2019), the Honorable Ilana Rovner stated that "[t]he safe harbor language is indeed very far removed from the remainder of the message in the collection letter." See oral argument at 14:30 to 14:42[1].

32. Immediately thereafter, Judge Rovner asked MCM's counsel the following questions:

> "Is that [safe harbor language being "very far removed from the remainder of the message in the collection letter"] within the spirit of the safe harbor"; and
>
> "and are there any cases that you can point us to that talk about spacing, size [and] placement of safe harbor language?"

See oral argument at 14:43 to 15:08.

33. In response, counsel for MCM cited to the CFPB's Notice of Proposed Rulemaking, contending that the collection letter's placement of the phrase "we are not obligated to renew" was *supported by* the CFPB's Notice of Proposed Rulemaking. See oral argument 15:52-16:19 ("we have the [safe harbor] notice right in front of it, right in front of [the CFPB's recommended use of a pay stub at the bottom]".).

---

[1] http://media.ca7.uscourts.gov/sound/2019/d1.18-3119.18-3119_05_29_2019.mp3

5

34. The 01-16-2019 Offer Letter is a form collection letter utilized by MCM to collect debts on behalf of Midland.

35. Prior to, and after 01-16-2019, MCM sent a similarly worded version of the 01-16-2019 Offer Letter where the prior letter provided Plaintiff with a 40% and 20% off Subject Debt.

36. On information and belief, the 01-16-2019 Collection Letter, or a similarly formatted letter that proposed a 40% Off offer (hereafter, "40% Off - Offer Letter") to Plaintiff was mailed to Plaintiff inside of an envelope that contained the words "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font (hereafter the "Time Sensitive Document Envelope").

37. Each time that Plaintiff received the Time Sensitive Document Envelope, her attention was drawn to the fact that the Envelope said, "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font.

38. After reading the words "**TIME SENSITIVE DOCUMENT**", Plaintiff immediately opened the Time Sensitive Document Envelope in order to examine the letter contained inside of it that reportedly was time sensitive.

39. MCM routinely sends collection letters inside of Time Sensitive Document Envelope in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

40. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Document Envelope.

41. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Document Envelopes than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENT**".

42. To the best of Plaintiff's recollection, she received more than one 40% Off - Offer Letter inside of a Time Sensitive Document Envelope.

43. MCM, however, did not mail every 40% Off - Offer Letter inside of a Time Sensitive Document Envelope.

44. For example, in a letter dated 10-02-2019, MCM mailed a 40% Off - Offer Letter to Plaintiff but did not mail the 10-02-2019 letter inside of a Time Sensitive Document Envelope.

45. As a further example, in a letter dated 08-21-2019, MCM mailed a 40% Off- Offer Letter to Plaintiff but did not mail the 08-21-2019 letter inside of a Time Sensitive Document Envelope.

46. MCM's conduct in mailing the same 40% Off - Offer Letter to Plaintiff with and without the Time Sensitive Document Envelope violates the FDCPA by creating conflicting, confusing and misleading expectations with consumers.

**IV.    Causes of Action**

**Count I – Individual Claim**
**The Time Sensitive Envelope Violates Section 1692f(8) of the FDCPA**

47. Plaintiff realleges the above paragraphs as though fully set forth herein.

48. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

50. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

51. The use of the phrase "**TIME SENSITIVE DOCUMENT**" on the Time Sensitive Document Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

52. Plaintiff immediately opened the Time Sensitive Document Envelope because it contained the words "**TIME SENSITIVE DOCUMENT**".

53. The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8)

7

prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

54.     The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

55.     At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit.

56.     MCM's use of the Time Sensitive Document Envelope satisfy the elements of typicality, commonality, predominance and superiority.

57.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

58.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. account and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**".

59.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.  The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

60.     The proposed class can be defined by MCM's records.

61.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

   WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

   a.   declare that the Time Sensitive Document Envelope violates the FDCPA;

   b.   enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Formatting of the 01-16-2019 Letter Violates §1692e(2)(A)**

62. Plaintiff realleges the above Paragraphs as though fully set forth herein.

63. The 40% Off and 20% Off payment options proposed on the face of the 01-16-2019 Letter were formatted and designed by MCM to create a sense of urgency with consumers like Plaintiff upon reading the settlement options.

64. As noted above, the location of the Renewal Disclosure Language is at least two inches away from the two payment options.

65. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the collection letter that was being discussed during oral argument before the Seventh Circuit Court of Appeals.

66. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the subject collection letter to help highlight this language to recipients.

67. Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on the 01-16-2019 Letter violates Section 1692e(2)(A) of the FDCPA.

68. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a "false representation of – (2) the character, amount or legal status of any debt[.]"

69. Defendant's placement of the Renewal Disclosure Language two inches below the two payment options violates 1692e(2)(A) because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure Language constitutes a false representation of the character of the Subject Debt.

70. Defendant's placement of the Renewal Disclosure Language two inches below the two payment options violates 1692e(2)(A) because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure constitutes a false representation of the amount of the Subject Debt.

71. Defendant's placement of the Renewal Disclosure Language two inches below the payment options violates Section 1692e(2)(A) because the location and small font size of the Renewal Disclosure (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure Language.

72. Defendant's placement of the Renewal Disclosure Language in a similar position, inches below the discounted payment options, was intended to visually overshadow the Renewal Disclosure to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case.

73. Additionally, Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the transmitting envelope was intended to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case because discounted settlement offers are arguably renewed over time.

74. Accordingly, Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on similar discounted payment options letters sent to Plaintiff inside of an envelope containing the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692e(2)(A) of the FDCPA.

75. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where: (a) the collection letter was worded and formatted to convey discounted payment options similar to the 01-16-2019 Letter; and (b) the letters were formatted to cause the Renewal Language to be placed in a similar position as the 01-16-2019 Letter, approximately two inches away from the identified discounted payments.

76. MCM's formatting and use of similar collection letters satisfy the elements of typicality, commonality, predominance and superiority.

77. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

78. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options and the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments.

(the "Renewal Disclosure Language Class").

79. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options, the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments and the collection letters were mailed inside of envelopes which contained the words "**TIME SENSITIVE DOCUMENT**".

(the "Renewal Disclosure Language Class and Envelope Class").

80. The class periods are limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The classes are subject to amendment if there are less than 40 class members who received the subject Envelope or letter from the above identified creditor.

81. The proposed classes can be defined by MCM's records.

82. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of form discounted payment option letters and the placement of the Renewal Disclosure Language violates the FDCPA;

     b. enjoin Defendant from using similarly formatted discounted payment option letters in conjunction with any future collection letters;

     c. award Plaintiff statutory damages of up to $1,000;

     d. award class members actual damages if they paid their subject debts after receiving a collection letter containing the Renewal Disclosure Language;

     e. award class members maximum statutory damages; and

     f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Formatting of the 01-16-2019 Letter Violates Section 1692e(10)**

83. Plaintiff realleges the above Paragraphs as though fully set forth herein.

84. The 40% Off and 20% Off payment options proposed on the face of the 01-16-2019 Letter were formatted and designed by MCM to create a sense of urgency with consumers like Plaintiff upon reading the settlement options.

85. As noted above, the location of the Renewal Disclosure Language is at least two inches away from the two payment options.

86. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the collection letter that was being discussed during oral argument before the Seventh Circuit Court of Appeals.

87. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the subject collection letter to help highlight this language to recipients.

88. Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on the 01-16-2019 Letter violates Section 1692e(10) of the FDCPA.

89. Section 1692e(10) of the FDCPA prohibits a debt collector from "us[ing] of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

90. Defendant's placement of the Renewal Disclosure Language two inches below the two payment options violates 1692e(10) because the formatting and wording of the Letter in relation to the

location of the Renewal Disclosure constitutes a false representation or deceptive means to collect or attempt to collect the Subject Debt.

91. Defendant's placement of the Renewal Disclosure Language two inches below the payment options violates Section 1692e(10) because the location and small font size of the Renewal Disclosure Language (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure Language.

92. Defendant's placement of the Renewal Disclosure Language in a similar position, inches below the discounted payment options, was intended to visually overshadow the Renewal Disclosure to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case.

93. Additionally, Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the transmitting envelope was intended to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case because discounted settlement offers are arguably renewed over time.

94. Accordingly, Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on similar discounted payment options letters sent to Plaintiff inside of an envelope containing the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692e(10) of the FDCPA.

95. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where: (a) the collection letter was worded and formatted to convey discounted payment options similar to the 01-16-2019 Letter; and (b) the letters were formatted to cause the Renewal Language to be placed in a similar position as the 01-16-2019 Letter, approximately two inches away from the identified discounted payments.

96. MCM's formatting and use of similar collection letters satisfy the elements of typicality, commonality, predominance and superiority.

97. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

98. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options and the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments.

(the "Renewal Disclosure Language Class").

99. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options, the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments and the collection letters were mailed inside of envelopes which contained the words "**TIME SENSITIVE DOCUMENT**".

(the "Renewal Disclosure Language Class and Envelope Class").

100. The class periods are limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The classes are subject to amendment if there are less than 40 class members who received the subject Envelope or letter from the above identified creditor.

101. The proposed classes can be defined by MCM's records.

102. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of form discounted payment option letters and the placement of the Renewal Disclosure Language violates the FDCPA;

b. enjoin Defendant from using similarly formatted discounted payment option letters in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

14

      d. award class members actual damages if they paid their subject debts after receiving a collection letter containing the Renewal Disclosure Language;

      e. award class members maximum statutory damages; and

      f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Formatting of the 01-16-2019 Letter Violates Section 1692f**

103. Plaintiff realleges the above Paragraphs as though fully set forth herein.

104. The 40% Off and 20% Off payment options proposed on the face of the **01-16-2019** Letter were formatted and designed by MCM to create a sense of urgency with consumers like Plaintiff upon reading the settlement options.

105. As noted above, the location of the Renewal Disclosure Language is at least two inches away from the two payment options.

106. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the collection letter that was being discussed during oral argument before the Seventh Circuit Court of Appeals.

107. Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure Language just above the payment stub of the subject collection letter to help highlight this language to recipients.

108. Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on the 01-16-2019 Letter violates Section1692f of the FDCPA.

109. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

110. Defendant's placement of the Renewal Disclosure Language two inches below the two payment options violates 1692f because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure Language constitutes unfair or unconscionable means to collect or attempt to collect the Subject Debt.

111. Defendant's placement of the Renewal Disclosure Language two inches below the payment options violates Section 1692f because the location and small font size of the Renewal Disclosure (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure Language.

112. Defendant's placement of the Renewal Disclosure Language in a similar position, inches below the discounted payment options, was intended to visually overshadow the Renewal Disclosure to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case.

113. Additionally, Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the transmitting envelope was intended to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case because discounted settlement offers are arguably renewed over time.

114. Accordingly, Defendant's placement of the Renewal Disclosure Language two inches below the two discounted payment options listed on similar discounted payment options letters sent to Plaintiff inside of an envelope containing the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f of the FDCPA.

115. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where: (a) the collection letter was worded and formatted to convey discounted payment options similar to the 01-16-2019 Letter; and (b) the letters were formatted to cause the Renewal Language to be placed in a similar position as the 01-16-2019 Letter, approximately two inches away from the identified discounted payments.

116. MCM's formatting and use of similar collection letters satisfy the elements of typicality, commonality, predominance and superiority.

117. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

16

118. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options and the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments.

(the "Renewal Disclosure Language Class").

119. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank, N.A. The Home Depot branded credit card, the collection letters identified two discounted payment options, the letters contained Renewal Disclosure Language that was placed approximately two inches away from the identified discounted payments and the collection letters were mailed inside of envelopes which contained the words "**TIME SENSITIVE DOCUMENT**".

(the "Renewal Disclosure Language Class and Envelope Class").

120. The class periods are limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The classes are subject to amendment if there are less than 40 class members who received the subject Envelope or letter from the above identified creditor.

121. The proposed classes can be defined by MCM's records.

122. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of form discounted payment option letters and the placement of the Renewal Disclosure Language violates the FDCPA;

b. enjoin Defendant from using similarly formatted discounted payment option letters in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter containing the Renewal Disclosure Language;

e. award class members maximum statutory damages; and

   f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*
Respectfully submitted, on behalf of

Plaintiff JOELLA RADER individually
and on behalf of all others similarly situated,

/s/ Nicholas M. Wajda
NICHOLAS M. WAJDA (State Bar # 259178)
Wajda Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

18